# HENRY L. EVERSON AND ANOTHER v. LEO DE SCHEPPER AND OTHERS.[1]

## November 30, 1923.

## No. 23,690.

**Attempted sale on mortgage foreclosure inoperative—notice of homestead claim.**

A 301-acre farm was to be sold under mortgage foreclosure by advertisement. Just before the sale the statutory notice of homestead claim was served and filed for record. The description of the farm was long and involved, and the deputy sheriff in reading it omitted the description of the homestead. No one was present to bid but the assignee of the mortgage, who offered to buy at a stated price the entire mortgaged premises. That offer was accepted by the deputy, but, upon being asked to execute a certificate of sale covering the entire farm, he refused, and explained that he had not sold or intended to sell the homestead. Up to that moment the purchaser had no actual notice of the claim of homestead. Immediately and within the hour set for the sale, there was a resale of the farm in separate tracts. A sheriff's certificate of sale issued in due course.

*Held* that the first attempt to sell was no sale because in violation of the statute made operative by the notice of homestead claim. The power of sale was not exhausted by the attempt. It was not even exercised. In consequence, the second transaction was the only sale, and, the legal requisites having been complied with, is beyond the possibility of successful attack.

Action in the district court for Lyon county. The case was tried before Olsen, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*Mathews & Mathews,* for appellants.

*Morris Evans* and *James H. Hall,* for respondents.

[1]Reported in 195 N. W. 927.

STONE, J.

Appeal by plaintiffs from judgment in an action to reform the sheriff's certificate of sale of a 301-acre farm under foreclosure of a mortgage by advertisement so as to exclude from its operation and effect the 80-acre homestead of plaintiffs.

The foreclosure sale was set for April 24, 1922, at 2 p. m. At 11 o'clock of that day plaintiffs served on the sheriff a notice of plaintiffs' claim of homestead as provided for by section 8173, G. S. 1913. That notice with proof of service was filed for record with the register of deeds at 1:30 p. m.

A deputy sheriff proceeded with the sale promptly at 2 p. m. Defendant De Schepper, the assignee of the mortgage, and his attorney were present to bid in the property for the full amount of the mortgage debt including costs of foreclosure. No other bidders were present. Plaintiff was not represented. Thereupon, as found by the trial judge, the following proceedings were had:

"Defendant De Schepper and his attorney Evans were not informed and had no knowledge of the homestead claim made by plaintiff or of the service of filing of the notice thereof. That the said deputy sheriff said nothing about offering or selling the land in separate tracts or about any homestead claim made by plaintiff or of the service or filing of the notice thereof. That the said deputy sheriff said nothing about offering or selling the land in separate tracts or about any homestead claim or about any separate sale of the land other than the homestead. That said deputy sheriff in presence of the parties named purported to read the printed notice of mortgage sale then in his hands and to read therefrom the description of the real estate to be sold, but that in so reading the description of the property from said notice he intentionally omitted therefrom the description of the homestead 80 acres"

Bids were then asked for and De Schepper offered "for the entire mortgaged tract" $34,973.14. In default of other bids the deputy declared the property sold to De Schepper.

The description of the property in the notice of the sale is lengthy and involved. Neither defendant De Schepper nor his attorney no-

ticed that any portion of the description was omitted as the deputy read it. Accordingly, they understood and believed that the entire farm was being offered for sale. Thereupon the deputy, the supposed purchaser and the attorney went to a nearby office for the purpose of having the sheriff's certificate of sale executed. One was already prepared describing the entire property. Discovering that it included the homestead, the deputy refused to sign and informed the purchaser and his attorney of the service of the notice of homestead claim and that he had omitted the homestead from the description read in offering the property for sale.

Immediately and within the hour set for the sale, the deputy, De Schepper and his attorney returned to the place of sale and the property was reoffered in separate tracts. The first one offered and sold, DeSchepper again being the only bidder and the successful one, was that portion of the farm other than the homestead. It sold for $18,973.14. The 80-acre homestead was next offered and sold to DeSchepper for $16,000. Thereupon the sheriff's certificate of sale issued and was recorded in due course.

The claim of plaintiffs, resolved against them by the learned trial judge, is that the first offer and bid was a completed sale which exhausted the power of sale and made the second attempt at a sale a nullity, under the doctrine of Paquin v. Braley, 10 Minn. 304 (379). It was there held that a sale of the mortgaged premises, effected by a definite bid definitely accepted by the sheriff, could not be set aside and disregarded and the property immediately resold under the same power of sale for an increased amount.

That is not this case at all. Here, the deputy asked for bids on one tract and the offer, that is, the bid was made on another. If the matter had stopped there it is very clear that no contract would have resulted because there would be absent the necessary element of mutual assent to the same proposition. There would be lacking that primary and elemental contractual operation so long and persistently miscalled "meeting of the minds."

Our view is that the offer made for the entire farm, including the homestead, having been accepted by the deputy, a complete contract of sale would have resulted if there had been any authority in

the sheriff to sell the entire tract as a unit and without first offering separately the property other than the homestead. Because of the attempt to sell in disregard of the notice of homestead claim, there was no sale and the power of sale under the mortgage was not exhausted and had not been exercised at all.

It was perfectly competent therefore for the deputy sheriff to proceed as he did within the hour fixed for the sale and sell the property in the manner he was required to sell by the notice of homestead claim.

The second transaction was the only sale of the property. It complied with all the requisites of the situation and is beyond the possibility of successful attack.

Judgment affirmed.